## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

GLEN FOLSOM,                              )
                                          )
          Plaintiff,                      )
                                          )
v.                                        )     Case No. CIV-21-673-D
                                          )
STATE OF OKLAHOMA, *et al.*,              )
                                          )
          Defendants.                     )

## O R D E R

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Amanda Maxfield Green pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).   Judge Green recommends the dismissal of this prisoner civil rights case based on Plaintiff's failure to comply with a prior order to cure specific deficiencies, namely, to complete a proper form of complaint and either to pay the filing fee or submit a motion to proceed *in forma pauperis*.

The case file shows no timely objection or request for an extension of time, even though Plaintiff was expressly informed of his right to object, the procedure for doing so, and the firm waiver rule.   Instead, within the time period for filing an objection, Plaintiff has filed a *pro se* Motion [Doc. No. 13] requesting the assistance of counsel based on allegations that he has been denied access to the law library and legal resources at his place of confinement.[1]   Even liberally construed, the Motion does not address the R&R or

---

[1]   The Court must liberally construe a *pro se* litigant's filings but cannot act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff's noncompliance with the Order to Cure Deficiencies [Doc. No. 7]. The Motion is similar to ones filed earlier in the case [Doc. Nos. 1, 10] and does not correct the problems identified by Judge Green that prevent this case from moving forward.

Further, consistent with directions in the Order, the Clerk mailed the necessary forms to Plaintiff, but instead of complying with Judge Green's instructions, Plaintiff refiled a document [Doc. No. 10] that is similar to the initiating one [Doc. No. 1] (which was deficient) and commenced four other civil rights cases. *See Folsom v. Whitten*, Case No. CIV-21-783-D (W.D. Okla. Aug. 9, 2021); *Folsom v. IRS*, Case No. CIV-21-789-D (W.D. Okla. Aug. 10, 2021); *Folsom v. Walker*, Case No. CIV-21-790-D (W.D. Okla. Aug. 10, 2021); *Folsom v. Pottawatomie Cnty. Ct.*, Case No. CIV-21-791-D (W.D. Okla. Aug. 10, 2021). Thus, the Court finds no basis to conclude that Plaintiff has been prevented from complying with the Order to Cure Deficiencies or from filing an objection to the R&R. Rather, it appears that Plaintiff has simply chosen not to prosecute this case in a proper manner.

For all of these reasons, the Court finds that Plaintiff has waived further review of the issues addressed in the Report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, for the reasons explained by Judge Green, the Court finds that this action should be dismissed without prejudice.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 11] is ADOPTED. This action is DISMISSED without prejudice to a future filing. A separate judgment of dismissal shall be entered.

IT IS SO ORDERED this 31st day of August, 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge